# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMBROSE MCDANIEL, SR., <br><br>　　　　　　Plaintiff, <br>v. <br><br>CITY OF MILWAUKEE, MILWAUKEE COUNTY POLICE DEPARTMENT, STATE OF WISCONSIN, DISTRICT ATTORNEY'S OFFICE, JAMES HUNTER, JOLENE DEL MORAL, STEVE WELLS, JACK EICHORST, and MICHAEL MALDONADO, <br><br>　　　　　　Defendants. | Case No. 25-CV-842-JPS <br><br><br>**ORDER** |

　　　　On June 12, 2025, Plaintiff Ambrose McDaniel, Sr. ("Plaintiff"), an inmate confined at Oshkosh Correctional Institution, filed a pro se complaint against Defendants City of Milwaukee, Milwaukee County Police Department, State of Wisconsin, District Attorney's Office, James Hunter, Jolene Del Moral, Steve Wells, Jack Eichorst, and Michael Maldonado, together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 2. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.　　MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

　　　　The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability

to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On July 16, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $39.02. ECF No. 6. Plaintiff paid that fee on August 20, 2025. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges the following with respect to each Defendant:

- that the City of Milwaukee "misbehaved or was negligent" for failing to know about the Milwaukee Police Department ("MPD") and the Milwaukee County District Attorney's Office's "misconduct or negligence and failing to intervene," ECF No. 1 at 2;

- that the Milwaukee County District Attorney's Office failed to be aware of their employee's misconduct or negligence and failed to intervene, *id.*;

- that Jack Eichorst engaged in professional misconduct and gross negligence for "failing to exercise the same diligence that any prosecutor would've exercised in his position and for failing to intervene in" or report the police's misconduct, *id.* at 2–3;

- that MPD failed to be aware of its employee's misconduct; alternatively, he alleges MPD was negligent and failed to intervene, *id.* at 3;

- that James Hunter, Jolene Del Moral, Steve Wells, and Michael Maldonado engaged in "professional misconduct" or "negligence" and failed to intervene. He specifies that they "failed to exercise the due diligence" that reasonable police officers would have exercised while investigating and that all of them were aware of one another's misconduct and negligence but failed to report such misconduct or negligence to their superior. As a result, Plaintiff suffered Sixth and Fourteenth Amendment violations, *id.*; and

- that the State of Wisconsin failed to be aware of the City of Milwaukee's failures and did not intervene. *Id.*

Plaintiff claims that all of his allegations center around a state case, *Id.* at 4 (citing *State of Wisconsin v. Ambrose LDV McDaniel*, Milwaukee Cnty. Cir. Ct. Case No. 2022CF000226, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CF000226&countyNo=40&index=0&mode=details (last visited Jan. 8, 2026) (hereinafter the "State Case")). He alleges that the "incident" occurred in Milwaukee from January to August 2022. *Id.* It is unclear what Plaintiff means by the term "incident."

For relief, Plaintiff requests a signed apology from all parties, nearly $6 million from the City of Milwaukee, nearly $6 million from the Milwaukee County Police Department and District Attorney's office each, and $111,111.00 from Jack Eichorst, Jolene Del Moral, James Hunter, Steve Wells, and Michael Maldonado. *Id.* at 5. He also requests a non-disclosure

Page 4 of 10
Case 2:25-cv-00842-JPS    Filed 01/08/26    Page 4 of 10    Document 7

agreement between all parties and to "seal [the] case," which the Court presumes is a request that the State Case be sealed. *Id.*

### 2.3 Analysis

Plaintiff's complaint is largely a collection of vague legal theories and lacks any concrete and coherent factual allegations. It does not even begin to provide "fair notice of what the . . . claim is and the grounds upon which it rests," to either Defendants or the Court. *Twombly*, 550 U.S. at 555. Plaintiff will have an opportunity to amend his complaint. An amended complaint must be filed on or before **February 9, 2026**. If Plaintiff chooses to file an amended complaint, the amended complaint should provide the Court with enough facts to answers to the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) How was each person acting on behalf of the state?; 4) Where did each person violate his rights?; and 5) When did each person violate his rights? Plaintiff should attempt to provide a clear story of what happened; simply saying that negligence, professional misconduct, or failure to intervene led to constitutional violations is not enough. If Plaintiff's amended complaint does not adequately allege these facts, the case will be dismissed without prejudice.

There are some additional problems with the complaint. Jack Eichorst, to the extent he was the prosecutor in McDaniels' State Case, may be entitled to absolute prosecutorial immunity. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). So long as Eichorst was acting "within the scope of his prosecutorial duties" at the time he took the complained-of action, he would be immune from suit. *Id.* (citing *Van de*

*Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009)). Any amended complaint should include facts that explain why Eichorst is not protected by prosecutorial immunity.

To the extent Plaintiff wishes to sue the City of Milwaukee, the Milwaukee County Police Department, or the Milwaukee County District Attorney's Office, he must allege facts demonstrating that his injuries were caused by a policy or custom of these entities. Municipalities and local government units are free from *respondeat superior* liability under § 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 659 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. That means that Plaintiff needs to point to a "policy or custom" of the City of Milwaukee, the Milwaukee County Police Department, and/or the Milwaukee County District Attorney's Office as the cause of his injury in order to sue these Defendants. *See Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir. 1992) ("Municipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents." (citing *Monell*, 436 U.S. 658)); *see generally Connick v. Thompson*, 563 U.S. 51 (2011) (applying *Monell* standards of liability to district attorney's offices).

Finally, to the extent Plaintiff seeks to sue the State of Wisconsin, he should bear in mind the Eleventh Amendment constraints on suits against states. Under the Eleventh Amendment, states are generally immune from suit. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 44 (1996) ("The Eleventh Amendment presupposes that each State is a sovereign entity in our federal system and that '[i]t is inherent in the nature of sovereignty not to be

amenable to the suit of an individual without [a State's] consent.'" (citing *Hans v. Louisiana*, 134 U.S. 1, 13 (1890))). There are three exceptions to Eleventh Amendment immunity: (1) congressional abrogation, *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) (citing *Alden v. Maine*, 527 U.S. 706, 754–55 (1999)); (2) "a state's waiver of immunity and consent to suit," *id.* (citing *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999)); and (3) a suit "against state officials seeking only prospective equitable relief," *id.* (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). Plaintiff should consider whether any of the exceptions apply here. This is especially so where it appears Plaintiff is attempting to make a § 1983 claim, as Congress did not abrogate the sovereign immunity of the states when it enacted § 1983, *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989), and Wisconsin has not waived its immunity from civil actions under § 1983. *See Shelton v. Wis. Dep't of Corr.*, 900 N.W.2d 343 (Table), 2017 WL 2349109, *2 (Wis. Ct. App. 2017) (citing *Boldt v. State*, 305 N.W.2d 133, 143–44 (1981) and *Tocholke v. Wisconsin*, No. 09-C-1125, 2010 WL 2430999, at *3 (E.D. Wis., June 14, 2010), *aff'd per curiam*, 413 Fed. Appx. 889 (7th Cir. 2011)). Plaintiff's amended complaint should explain whether any of the exceptions apply here.

3. **CONCLUSION**

For the reasons stated above, the Court will give Plaintiff leave to file an amended complaint that addresses the deficiencies explained above. Any amended complaint must be filed on or before **February 9, 2026**. Failure to file an amended complaint within this period may result in dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form and instructions.

Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and Defendants with notice of what Defendants allegedly did or did not do to violate his rights.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include **all** of the allegations and claims (including those from the original complaint) that Plaintiff wishes to make, in a single filing without reference to other documents.

If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS ORDERED** that on or before **February 9, 2026**, Plaintiff Ambrose McDaniel, Sr. shall submit an amended complaint using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of this action without prejudice;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $310.98 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.